State v. Portee

━━━━━━━

STATE OF NORTH CAROLINA v. ROBERT LOUIS PORTEE

No. 7514SC712

(Filed 4 February 1976)

1. Criminal Law § 117— accomplice testimony — instruction not required
    An instruction to the jury upon how it should view the testimony of an accomplice may be given in the discretion of the trial judge, but such is not required in the absence of a timely request.

2. Criminal Law § 119— requested instruction given in substance — no error
    The trial court's instruction on accomplice testimony, though not in the exact words of defendant's tendered instruction, was in substantial conformity therewith and was proper.

3. Criminal Law § 113— instructions — reasonable doubt — reason and common sense
    An instruction that reasonable doubt is "based on reason and common sense" did not require that a juror be able to articulate a reason for his or her doubt and was proper.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 20 May 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 13 January 1976.

Defendant was charged and convicted of robbery with a firearm in violation of G.S. 14-87. He appealed.

*Attorney General Edmisten, by Associate Attorney Daniel C. Oakley, for the State.*

*Traylor T. Mercer, for the defendant.*

BROCK, Chief Judge.

The evidence against defendant consisted primarily of the testimony of an accomplice. The defendant argues that the accomplice's testimony is uncorroborated and therefore requires a different instruction to the jury than where the accomplice's testimony is corroborated. The State argues that the accomplice's testimony is corroborated, and therefore the instruction given is correct. We will not trouble ourselves to settle the argument as to whether it is corroborated. In either event a correct instruction is the same. *State v. Bailey,* 254 N.C. 380, 119 S.E. 2d 165 (1961).

[1] An instruction to the jury upon how it should view the testimony of an accomplice may be given in the discretion of the trial judge, but such is not required in the absence of a timely request. *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654 (1966); 1 Stansbury's North Carolina Evidence, Brandis Revision, § 21.

[2] In this case counsel timely tendered an instruction concerning the testimony of an accomplice. Although the trial judge did not give the tendered instruction verbatim, he gave an instruction in substantial conformity therewith. The instruction given by the trial judge was N. C. Pattern Jury Instructions—Crim. 104.25, which we hold to be in conformity with the case law in this State. This assignment of error is overruled.

[3] Finally defendant argues that the trial judge committed error in defining reasonable doubt. The trial judge added the following to N. C. Pattern Jury Instructions—Crim. 101.10: "It is a doubt based on reason and common sense arising out of some or all of the evidence that you have heard or lack or insufficiency of the evidence as the case may be." It is defendant's contention that requiring the doubt to be "based on reason" constituted a requirement that a juror be able to articulate a reason for his or her doubt. The argument is not persuasive. Although

His Honor could have well omitted the above-quoted sentence, we find no prejudice to defendant. This assignment of error is overruled.

No error.

Judges BRITT and MORRIS concur.